UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
RAYMOND CLARDY and IMARI ARMSTRONG
on behalf of themselves and others similarly
situated,

                Case No.:

              Plaintiffs,           COMPLAINT

   -against-

                                       FLSA COLLECTIVE
YOUR HOMETOWN MOVERS LLC d/b/a        ACTION
YOUR HOMETOWN MOVER, JAKE
FREEDMAN and KATE FREEDMAN,          CLASS ACTION
individually,

              Defendants.
--------------------------------------------------------------------------X

       Plaintiffs Raymond Clardy ("Clardy") and Imari Armstrong ("Armstrong"), on behalf of

themselves and all others similarly situated, by their attorneys, The Law Offices of Jacob Aronauer

and Law Offices of Yale Pollack P.C., complaining of Your Hometown Movers LLC d/b/a Your

Hometown Mover and Jake Freedman and Kate Freedman, individually (collectively herein

"Defendants"), allege the following:

## PRELIMINARY STATEMENT

1.     This is a collective and class action brought on behalf of all movers and truck drivers

      (collectively "Laborers") who work or worked on behalf of Your Hometown Movers LLC

      d/b/a Your Hometown Mover ("Movers LLC"), Jake Freedman ("J. Freedman") and Kate

      Freedman ("K. Freedman") (collectively "Defendants").

2.     Movers LLC provides local and long-distance moving services in both New York and

      Florida.

3.      For the following reasons this is a collective and class action is brought on behalf of Laborers.

4.      First, Defendants failed to comply with the New York Labor Law Wage Theft Prevention Act (the "WTPA").

5.      The Laborers bring this action under the NY Wage Act for Defendants' failure to provide written notice of wage rates in violation of said laws. This failure to provide notices was both upon hire and throughout the course of Laborers' employment.

6.      By not providing this information to the Laborers, Laborers were not made aware of their rights to be paid minimum wage under the FLSA and NYLL.  In addition, Laborers were not made aware of their right to be paid overtime in compliance with the FLSA and the NYLL.

7.      Second, Defendants failed to pay Laborers for all hours worked.

8.      As discussed in more detail below, Laborers were not paid for the beginning and often the end of their workday.

9.      The failure to pay Laborers for both the beginning and end of their workdays violates NYLL §663.

10.     Third, by failing to pay Laborers for their work, Defendants also failed to pay Laborers minimum wage under the FLSA.

11.     Fourth, Defendants did not pay Laborers time and one half for work performed after forty hours in each week.  The failure to pay Laborers time and one half is in violation of the FLSA and the NYLL.

12.     Fifth, the Laborers frequently worked ten or more hours in a day.  Defendants, however, failed to pay the Laborers spread of hours pay as required under NYLL.

13.  Sixth, this is a class action on behalf of Plaintiffs and all similarly situated Laborers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants.

14.  Seventh, Defendants failed to pay Plaintiffs, FLSA Collective and the Class on a weekly basis as required under NYLL §191(1).

15.  Plaintiffs, FLSA Collective and the Class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys; fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

16.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

17.  In addition, this Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

18.  Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiffs**

19.   Raymond Clardy is and was at all times relevant hereto an individual residing in Ulster County, New York.

20.   From on or about May 21, 2023 through August 26, 2023, Clardy worked for Defendants as a Laborer.

21.   Imari Armstrong is and was at all times relevant hereto an individual residing in Dutchess County, New York.

22.   From on or about the end of September 2022 through August 26, 2023, Armstrong worked for Defendants as a Laborer.

**Defendants**

23.   Movers LLC is a corporation engaged in moving and storage.

24.   J. Freedman has owned and maintained control, oversight and the direction of Movers LLC.

25.   J. Freedman is a person engaged in business in Ulster County, who is sued individually in his capacity as an owner, officer and/or agent of Movers LLC.

26.   J. Freedman exercised sufficient control over Movers LLC to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Movers LLC.

27.   K. Freedman has owned and maintained control, oversight and the direction of Movers LLC.

28. K. Freedman is a person engaged in business in Ulster County, who is sued individually in her capacity as an owner, officer and/or agent of Movers LLC.

29. K. Freedman exercised sufficient control over Movers LLC to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Movers LLC.

30. Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.

31. Upon information and belief, Movers LLC's principal place of business is located at 92 S Ohioville Road, New Paltz, New York 12561.

32. At all times relevant to this action, Movers LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

33. Movers LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

34. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated persons who are current and former employees of Movers LLC since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

35. On information and belief, due to high turnover, the FLSA Collective consists of approximately 100 similarly situated current and former employees at Movers LLC who

have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

36. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i.     failing to pay employees the applicable overtime rate for all hours worked;

    ii.     failing to keep accurate records of hours worked by employees as required by the FLSA;

    iii.     Failing to pay minimum wage.

37. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

38. The FLSA Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

39. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

40. Defendants failed to compensate Plaintiffs and members of the FLSA Collective at the overtime wages for all hours worked. The exact accounting of such discrepancy can only be determined upon completion of discovery.

6

41. Defendants failed to compensate Plaintiffs and members of the FLSA Collective the FLSA minimum wage for many of the hours that they worked.

42. Plaintiffs and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

43. Defendants paid Plaintiffs and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## THE LABORER CLASS

44. **Proposed Class.**  The proposed class comprises all Laborers who worked for Defendants during the applicable period.

45. The Laborers all worked for Defendants at various locations and worked more than 40 hours per week.

46. The Laborers, however, were not paid the correct overtime rate for all work performed after forty hours.

47. The Laborers were also not provided spread of hours pay when they worked ten hours or more in a given day.

48. The Laborers were also not paid for work from the beginning of their shift until they went out on routes.

49.     The Laborers were also frequently not paid for the end of their route work if the route went longer than expected.

50.     If a client failed to pay Movers LLC, then the Labors in some instances would not be paid, or in the alternative, their pay would be delayed.

51.     The Laborers were also not provided correct notices under the WTPA.

52.     Specifically, the Laborers did not receive wage notices upon hire as required under the WTPA.

53.     In addition, the Laborers did not receive accurate wage statements when they were paid by Defendants.

54.     Finally, Defendants failed to pay the Laborers on a weekly basis, in violation of the NYLL.

55.     **Ascertainability.**   The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.

56.     **Numerosity.**  The size of the class makes a class action both necessary and efficient.  The size of the class, due to high turnover, consists of approximately 200 employees.  Members of the class are ascertainable but so numerous that joinders is impracticable.

57.     **Common Questions Of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

    a)      the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime wage compensation;

    b)      the polices, practices, programs, procedures, protocols and plans of Defendants regarding the failure to pay for all hours worked;

    c)      the polices, practices, programs, procedures, protocols and plans regarding the failure of Defendants to not pay Laborers for all shifts worked in the event a client did not pay for a move job;

d)      the polices, practices, programs, procedures, protocols and plans of Defendants regarding the failure to pay to spread of hours pay;

e)      the polices, practices, programs, procedures, protocols and plans of Defendants regarding the failure to timely pay the Laborers;

f)      the polices, practices, programs, procedures, protocols and plans of Defendants regarding the failure of Defendants to comply with the NY Wage Act;

g)      whether Defendants are joint employers of Plaintiffs and similarly situated employees;

h)      whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein; and

i)      what relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

58.    **Typicality.**  The claims of the individual Plaintiffs are typical of the claims of the class as a whole.  Movers LLC's unlawful policies are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

59.    **Adequacy of Class Representation.**  The individual Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

60.    **Propriety of Class Action Mechanism.**      Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is

superior to other available methods for the fair and efficient adjudication of the controversy set forth in this amended complaint.

61.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

62.   **Proposed Class.** All said persons, including Plaintiffs, are referred to herein as "the Class." The Class members are readily ascertainable.   The number and identity of the Class members are determinable from the records of Defendants.

63.   Plaintiffs bring their FLSA and the NYLL claims, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and the Class, consisting of all non-exempt employees that worked as Laborers for Defendants from December 24, 2017 to the date of the final judgment in this matter.

64.   Plaintiffs bring their NYLL claims, pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Class who did not receive their wage notices as required under the WTPA.

65.   Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendants' entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

66.   The employees in the Class are so numerous that joinder of all members is impracticable.

67.   Upon information and belief, the size of the Class, which includes current and former employees of Defendants is approximately 200 people.   Although the precise number of

such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

68. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a)    willfully failing to pay its employees, including Plaintiffs and the Class Members, the appropriate overtime wages for hours worked in excess of 40 hours per workweek;

    (b)    willfully failing to pay its employees, including Plaintiffs and the Class Members, for all hours worked;

    (c)    willfully not paying the appropriate minimum wage under the FLSA;

    (d)    willfully not paying spread of hours pay;

    (e)    willfully failing to record all of the time that its employees, including Plaintiffs and the Class, have worked for the benefit of Defendants;

    (f)    willfully failing to provide appropriate notices under the WTPA;

    (g)    Failing to timely pay Plaintiffs and the Class for work performed;

    (h)    Willfully not timely paying their employees.

## FACTS

### Your Hometown Movers LLC

69. Movers LLC is a company specializing in moving.

70. Per its website, Movers LLC offers local and long-distance moving services in New York and Florida.

71. Per Movers LLC's website, since 2013 Movers LLC has been a family-owned business.

72. Per Movers LLC's website, J. Freedman is the owner of Movers LLC.

73. Per Movers LLC's website, J. Freedman  and operates Movers LLC along with his sister, K. Freedman.

**Truck Drivers and Laborers**

74.    Movers LLC requires Laborers to arrive at work at approximately 6:30 a.m.

75.    From 6:30 a.m. until approximately 9:00 a.m., Laborers load the trucks and engage in other preliminary activities.

76.    However, Laborers are not paid from 6:30 a.m. until they physically leave the premise on their assigned route.

77.    In other words, Laborers are only paid for the actual routes—not work performed before the routes begin.

78.    Thus, Laborers are usually not paid for at least two hours at the beginning of each day.

79.    Movers LLC often provide their customers a set rate that builds in the amount of time they believe the respective move will take.

80.    Laborers are then, in turn, given a set rate for that assignment based on their respective hourly rate and, in addition, the estimated amount of time of the move.

81.    The assignments often are longer than the built-in proposed length of time.

82.    Accordingly, Laborers are not paid for all time worked on a given assignment if the routes are longer than expected.

83.    For example, if an assignment is expected to take five hours and it takes six hours, Laborers will not be paid for that additional hour.

84.    Laborers often work ten hours or more in each day.

85.    Laborers are not paid spread of hours pay as required under the NYLL.

86.    Defendants previously required Laborers to clock in and clock out each day.

87.    Upon information and belief, in the beginning of 2023, Defendants ceased to require Laborers to clock in and clock out each day.

88.     Laborers are not paid time and a half for work performed after forty hours in a given week.

89.     If a client did not pay for a move, this in turn would prevent Laborers from getting paid.

**Routes of Laborers**

90.     The Laborers have assigned routes.

91.     Virtually all the routes assigned to the Laborers are intrastate routes within New York.

92.     For example, Armstrong would drive from the Movers LLC's headquarters in New Paltz, New York to Plattsburg, New York for an assignment.

93.     Likewise, Clardy usually was only assigned moving projects within the State of New York.

**Plaintiff Armstrong's Employment**

94.     As noted earlier, from the end of September 2022 through the end of September 2023, Armstrong was employed as a Laborer on behalf of Defendants.

95.     Throughout Armstrong's employment with Defendants, Armstrong worked at Defendants' location in New Paltz, New York.

96.     Armstrong's responsibilities at Movers LLC included loading and unloading items.

97.     Armstrong would often have to drive his personal vehicle and follow the respective truck for moves.

98.     Throughout a portion of his employment with Defendants, Armstrong was scheduled to work more than forty hours each week.

99.     Throughout his employment with Defendants, even though Armstrong was not exempt, he was not paid time and one half for work performed after forty hours.

100.    For approximately the first three months of his employment, Defendants required Armstrong to "clock in" and "clock out."

101. After three months of employment, Defendants ceased requiring Armstrong and other Laborers to clock in and clock out.

102. During the first three weeks of his employment, Defendants initially did not pay Armstrong.

103. Defendants, though, eventually did pay Armstrong for the first three weeks he worked for Defendants.

104. When Defendants paid Armstrong, they did not provide him with an accurate notation of the hours he worked.

105. Throughout Armstrong's employment with Defendants, he did not receive meal breaks.

106. Armstrong was not paid for pre-shift work.

107. Armstrong also often was not paid for all work performed with respect to a given moving assignment.

108. Armstrong was not provided spread of hours pay when he worked ten hours or more in a day.

109. Armstrong rarely went across state lines in moves.

110. Armstrong's official salary was $18 per hour but, as stated earlier, he was not paid for all hours worked.

111. In some instances, if a client did not pay Movers LLC, Movers LLC would then not pay Armstrong.

112. In some instances, Armstrong was not paid weekly as required under NYLL § 191 (1).

**Plaintiff Clardy's Employment**

113. From approximately May 21, 2023 through August 26, 2023, Clardy was employed as a Laborer on behalf of Defendants.

114.  Throughout Clardy's employment with Defendants, Clardy worked at Movers LLC's location in New Paltz.

115.  Clardy's responsibilities at Movers LLC included loading and unloading items.

116.  Throughout a portion of his employment with Defendants, Clardy was scheduled to work more than forty hours each week.

117.  Throughout his employment with Defendants, even though Clardy was not exempt, Clardy was not paid time and one half for work performed after forty hours.

118.  Throughout Plaintiff's employment, Defendants never required Clardy to "clock in" or "clock out."

119.  Defendants always paid Clardy by check.

120.  When Defendants paid Clardy, they did not provide Clardy with an accurate notation of the actual hours he worked.

121.  Defendants failed to pay for pre-shift work.

122.  Defendants also failed to pay for additional time worked when Clardy worked longer than the anticipated length of time for a move.

123.  When Clardy worked ten or more hours in a day, Defendants did not pay Clardy spread of hours.

124.  Clardy did not receive meal breaks in the course of his employment with Defendants.

125.  Clardy rarely crossed state lines for moves.

126.  In some instances, if a client did not pay Movers LLC, Movers LLC would then not pay Clardy.

127.  In some instances, Clardy was not paid weekly as required under NYLL § 191 (1).

**Defendants' Violations of the Wage Theft Prevention Act**

128.  The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates.

129.  The WTPA was enacted to protect an employee's concrete interest in being paid what he or she is owed under the NYLL.

130.  Specifically, the WTPA's wage notice and wage statement provisions are intended to serve as safeguards of employees' broader interest in being paid the wages that Plaintiffs and the Class earned.

131.  Indeed, if an employer's failure to provide wage statements or wage notices were considered purely a technical violation, then no employee would ever have standing to sue under the WTPA.  This in turn would render the statutory damages provisions would be rendered meaningless and unenforceable.

132.  Throughout the relevant time period, Defendants paid Plaintiffs and the class wages without any accompanying statement listing the correct overtime rate or rates of pay, the correct number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

133.  Plaintiffs and the Class were never given a correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

16

and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

134. Plaintiffs, on behalf of themselves and the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

135. Throughout the relevant time period, Plaintiffs and the FLSA Collective worked in excess of 40 hours per workweek.

136. At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiffs and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiffs and the FLSA Collective were entitled to receive overtime payments.

137. At all relevant times throughout Plaintiffs and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per workweek.

138. Defendants' decision not to pay overtime was willful.

139. Plaintiffs and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Brought on behalf of Plaintiffs and the Class)

140. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

141. At all times relevant to the action, Plaintiffs and the Class were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR § 142-2.2.

142. Defendants failed to pay Plaintiffs and the Class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

143. Defendants' failure to pay required overtime was willful.

144. As a result of Defendants' NY Labor Law violations, Plaintiffs and the Class are entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorney's fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## THIRD  CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiffs and the Class)

145. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

146. Defendants willfully failed to supply Plaintiffs and the Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone

number of the employer; plus such other information as the commissioner deems material and necessary.

147.    Through their knowing or intentional failure to provide Plaintiffs and the Class with the wage notices required by NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

148.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the Class are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**<u>(Brought on behalf of Plaintiffs and the Class)</u>**

149.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

150.    Defendants have willfully failed to supply Plaintiffs and the Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

151.    Through their knowing or intentional failure to provide Plaintiffs and the Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article

6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

152.   Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the Class are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs and the Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiffs and the FLSA Collective)**

145.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

146.   The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 206 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

147.   Defendants willfully failed to pay Plaintiffs and the FLSA Collective the appropriate minimum wages for all hours, as required by the FLSA, 29 U.S.C. §§ 206 et seq., and the supporting federal regulations.

148.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

149.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

150.   As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SIXTH CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiffs and the Class)**

151.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

152.   At all times relevant to this action, Plaintiffs and the Class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

153.   Defendants failed to pay Plaintiffs and the Class Members minimum wage for hours worked in violation of the NYLL.

154.   Through their knowing or intentional failure to pay Plaintiffs and Class Members minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

155.   Due to Defendants' willful violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Spread of Hours Pay**
**(On Behalf of Plaintiffs and the Class)**

156.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

157.   At all times relevant to this action, Plaintiffs and the Class Members were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

158.   Throughout their employment, Plaintiffs and the Class Members frequently worked ten hours or more in a workday.

159.   Defendants willfully failed to compensate Plaintiffs and the Class Members with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

160.   As a result of Defendants' NY Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants unpaid spread of hours and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and the Class)**

161.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

162.   The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class Members.

163.   Defendants failed to pay Plaintiffs and the Class Members on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiffs and the Class Members being underpaid.

164.   Due to Defendants violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants the amount of the underpayments by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**NINTH CAUSE OF ACTION**
**New York Labor Law-Failure to Pay Wages under NYLL § 663**
**(Brought on behalf of Plaintiffs and the Class)**

165.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

166.    At all relevant times, Plaintiffs and the Class were "employees" within the meaning of the New York Labor Law.

167.    Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

168.    Defendants failed to pay Plaintiffs for their earned wages for the periods of time and in the manner as set forth above.

169.    Defendants' failure to pay Plaintiffs their earned wages was willful and not based on any good faith belief of compliance with the New York Labor Law § 663, et seq.

170.    As a result of the foregoing, Plaintiffs have been denied wages required under New York Labor Law § 663 et seq., and are entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorney fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against Defendants Your Hometown Movers Corp. d/b/a Your Hometown Mover and Jake Freedman and Kate Freedman,  jointly and severally, as follows:

(a)    That, at the earliest possible time, Plaintiffs be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendants;

(b)    Certification of this case a class action pursuant to FRCP 23;

(c)    Designation of Clardy and Armstrong as Class Representatives;

(d)     Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)

(e)     Damages for the unpaid wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(f)     Damages for the unpaid wages due to Plaintiffs, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(g)     Liquidated damages for failure to timely make payment pursuant to the NYLL;

(h)     Damages for failure to make all required payments pursuant to the NYLL;

(i)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(j)     Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(k)     Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(l)     For pre-judgment and post-judgment interest on the foregoing amounts;

(m)     For the costs and disbursements of the action, including attorney's fees; and,

(n)     For such other further and different relief as the Court deems just and proper.


Dated: December 24, 2023
         New York, New York

                                        **THE LAW OFFICES OF JACOB ARONAUER**

                                        By:     */s/ Jacob Aronauer*
                                                Jacob Aronauer
                                                250 Broadway, Suite 600
                                                New York, NY 10007
                                                (212) 323-6980
                                                jaronauer@aronauerlaw.com

                                        **LAW OFFICES OF YALE POLLACK, P.C.**

                                        By:     */s/ Yale Pollack*
                                                Yale Pollack
                                                66 Split Rock Road
                                                Syosset, New York 11791
                                                (516) 634-6340
                                                ypollack@yalepollacklaw.com


                                                *Attorneys for Plaintiffs*