```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/01/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND CLARDY and IMANI ARMSTRONG, on behalf of themselves and all others similarly situated,

                         Plaintiffs,

  -against-

YOUR HOMETOWN MOVERS LLC d/b/a YOUR HOMETOWN MOVERS and JAKE FREEDMAN and KATE FREEDMAN, individually,

                         Defendants.

7:23-CV-11172 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Raymond Clardy and Imani Armstrong (collectively, "Plaintiffs") bring this action, on behalf of themselves and others similarly situated, against Defendants Your Hometown Movers LLC d/b/a Your Hometown Mover ("YHM"), Jake Freedman, and Kate Freedman (collectively "Defendants"), asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. (*See* Complaint ("Compl."), ECF No. 1.) Pending before the Court is Plaintiffs' motion to conditionally certify an FLSA collective action. ("Plaintiffs' Motion", ECF No. 26.) Defendants do not oppose Plaintiffs' Motion. (*See* ECF No. 31.) For the following reasons, the Court GRANTS Plaintiffs' Motion.

## BACKGROUND

Plaintiffs worked as movers and truck drivers ("Laborers") for Defendants.[1] Plaintiffs would arrive at Defendants' facility at approximately 6:30 a.m. to engage in preliminary activities

---

[1] Defendants Jake Freedman and Kate Freeman are the owners of YHM. (*See* Compl., ¶¶ 24-30.) As the owners, the Freemans control the rate of pay and work schedules for the employees of YHM. (*Id.*)

to prepare for a move for the day, which included loading the trucks with proper equipment. (Declaration of Raymond Clardy ("Clardy Decl.", ECF No. 29) ¶ 6; Declaration of Imari Armstrong ("Armstrong Decl.", ECF No. 28) ¶ 6.) Plaintiffs were not paid for this time, and, instead, only started to be paid when they left YHM's premises. (Clardy Decl., ¶ 11; Armstrong Decl., ¶ 11.) In addition, Defendants automatically deducted a one-hour lunch break from Plaintiffs' salary even though Plaintiffs did not receive a lunch break. (Clardy Decl., ¶ 20; Armstrong Decl., ¶ 20.) Finally, Plaintiffs were sometimes not paid for all hours worked if a move took longer than estimated by Defendants, who charged their customers a flat rate. (Clardy Decl., ¶¶ 13-19; Armstrong Decl., ¶¶ 13-19.) Throughout their employment with Defendants, Plaintiffs frequently worked more than forty hours per workweek but failed to receive time-and-a-half for all hours worked more than forty hours per workweek. (Compl., ¶¶ 98-99, 116-17.)

In a Complaint filed on December 24, 2023 (*see* ECF No. 1), Plaintiffs assert FLSA and NYLL claims on behalf of themselves and others similarly-situated.  Plaintiffs allege under federal and state law that Defendants failed to pay them in compliance with the FLSA's overtime wage provisions. Plaintiffs presently seek conditional certification of this action as an FLSA collective action on behalf of "other similarly situated employees who worked as movers and truck drivers ("Laborers") for Defendants." (Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification ("Plfs. Mem.") at 1, ECF No. 30.)

## LEGAL STANDARD

The FLSA provides that plaintiffs may seek to have their case certified as a collective action on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts in this Circuit use a two-stage certification process to determine whether employees are "similarly situated." *See, e.g.*, *Romero v. H.B. Automotive Grp., Inc.*, No. 11 Civ. 386 (CM), 2012

WL 1514810, at *8 (S.D.N.Y. May 1, 2012). At this early stage, the named plaintiffs are required only to make a "modest factual showing" that there are other potential plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC), 2013 WL 5782440, at *2 (S.D.N.Y. Oct. 25, 2013) (collecting cases). Although this requirement "cannot be satisfied simply by 'unsupported assertions,'….it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567 (11th Cir.1991)). This low standard is appropriate because conditional certification is merely "a useful 'case management' tool" that "facilitate[s] the sending of notice to potential class members." *Id.* at 555 n. 10 (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 174, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)). At a later stage, when the Court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* at 555. At that point, "defendants have the opportunity to move for decertification if, after additional discovery, the record shows that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiff(s)." *Caravante-Avile v. Chaya Mushkah Rest. Corp.*, No. 12-CV-5339 KBF, 2013 WL 1401789, at *1 (S.D.N.Y. Apr. 2, 2013).

## DISCUSSION

### I. Conditional Certification

Plaintiffs move for conditional class certification of a FLSA collective action on behalf of other similarly situated employees who worked as Laborers for Defendants. (Plfs. Mem at 1.)

Plaintiffs have satisfied the light burden they bear at the first stage of certification. They allege, among other things, that Defendants failed to pay Laborers in compliance with the FLSA's overtime wage provisions by not paying for preliminary activities engaged in by Laborers prior to the start of their moving routes, not paying for all route time and deducting for lunch breaks that did not take. (*See* Compl. ¶¶ 76-83.) Both Plaintiffs have submitted declarations in support of this motion. (*See, e.g.,* Clardy Decl., Armstrong Decl.) In their declarations, Plaintiffs swear to have conversed with other coworkers who were also not paid for all hours worked and, in addition, time and one-half for all work performed after forty hours in a workweek who performed similar jobs as Plaintiffs. (*See generally* Clardy Decl. and Armstrong Decl., respectively.) Because the pleadings and the affidavits, taken together, suggest a common policy of understating, underpaying, and not paying their employees' overtime in compliance with the FLSA and NYLL, that showing suffices for conditional certification. *See Caravante-Avile*, 2013 WL 1401789, at *1.

The Court also notes that Defendants do not oppose Plaintiffs' motion for conditional class certification. (*See* ECF No. 31.) The Court thus finds no reason to suggest that Defendants' employees who claim not to have been paid their required overtime premiums should not be able to litigate their claims collectively. *See Johnson v. Carlo Lizza & Sons Paving, Inc.,* 160 F. Supp. 3d 605, 611 (S.D.N.Y. 2016) (granting conditional certification where defendants did not oppose the motion); *Hughes v. Twp. of Franklin*, No. 13 Civ. 3761 (AMD), 2014 WL 1428609, at *4 (D.N.J. Apr. 14, 2014) (same). Accordingly, the Court hereby conditionally certifies a collective action of all current and former Laborers of YHM who allege not to have been paid in compliance with the FLSA's overtime wage provisions. Should facts develop suggesting that any opt-in plaintiffs are not similarly situated, Defendants may move for decertification at that time.

## II. Notice

Plaintiffs also seek approval of their proposed notice and consent forms (ECF No. 27, Exs. A, B). (*See* Plfs. Mem. at 11.) "Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains 'broad discretion' over the form and content of the notice." *Chhab v. Darden Rest., Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *15 (S.D.N.Y. Sept. 20, 2013) (quoting *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 106 (S.D.N.Y. 2003)). Here, the proposed notice

> appropriately includes the purpose of the notice, the nature of the lawsuit, the proposed class composition, the legal effect of joining the lawsuit, the fact that the court has not taken any position regarding the merits of the lawsuit, how to join the lawsuit, the purely voluntary nature of the decision and the legal effect of not joining the lawsuit, the prohibition against retaliation, and the relevant contact information for any inquiries.

*Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 169–70 (S.D.N.Y.2014) (citing *ABA, The Fair Labor Standards Act*, 19–78–79 (Ellen C. Kearns et al. eds., 2d ed. 2010)). The notice and other forms are therefore approved.

Plaintiffs next ask the Court permit Plaintiffs to send notices to all potential opt-in plaintiffs by mail, email, and text message. (*See* Plfs. Mem. at 13.) Plaintiffs also seek permission to post notices at YHM in a location clearly visible to potential opt-in plaintiffs. (*Id.* at 12.) The Court agrees that disseminating the opt-in notice by mail, email, and text message is appropriate. *See Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (permitting notice to be "disseminated in any relevant language via mail, email, text, or social media platform"). Similarly, posting the notice at Defendants' physical location is a generally acceptable form of distributing information related to such notices, and is therefore approved. *See Ni v. Red Tiger Dumpling House Inc*, No. 19-CV-3269 (GRB)(AKT), 2020 WL 7078533, at *12 (E.D.N.Y. Nov. 30, 2020) ("Courts in the Second Circuit regularly approve plaintiffs' requests to post notices and consent forms in

non-public areas where potential collective members are likely to congregate, such as clock-in stations or break rooms") (internal citations and quotation marks omitted); *see also Johnson,* 160 F. Supp. 3d at 611–12 (directing defendants to post the notice and consent form at defendants' offices and job sites in a location visible to all of defendants' employees).

### III.    Other Requests

Plaintiffs ask the Court to order Defendants to produce within ten days of its Order a computer-readable list of all Laborers who were employed at YHM owned by Defendants at any point in the six years prior to the filing of this lawsuit along with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, e-mail address, and dates of employment at YHM. (Plfs. Mem. at 13.) Courts in this Circuit "routinely grant . . . motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action" following conditional certification. *Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901 (CM)(LMS), 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007) (collecting cases), *report and recommendation adopted* (May 22, 2007). Likewise, courts "commonly grant" requests for production of mailing addresses and dates of employment for the potential opt-in plaintiffs. *See Cortes v. New Creators, Inc.*, No. 15-CV-5680 (PAE), 2015 WL 7076009, at *4 (S.D.N.Y. Nov. 12, 2015).

While courts in this District vary in their willingness to order production of telephone numbers and email addresses, it is increasingly clear that this information permits a more efficient means of providing notice than first class mail. *See, e.g.*, *Diatta v. Iguana New York Ltd.*, 2016 WL 2865132, at *6 (S.D.N.Y. May 10, 2016) ("Courts routinely order discovery of names, addresses, and telephone numbers in FLSA actions."); *Racey v. Jay-Jay Cabaret, Inc.*, No. 15-CV-8228 (KPF), 2016 WL 3020933, at *10 (S.D.N.Y. May 23, 2016) (ordering defendants to provide

"a list of the names, addresses, telephone numbers, email addresses, and dates of employment for potential class members"); *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12-CV-7795 (RWS), 2013 WL 5303766, at *5 (S.D.N.Y. Sept. 20, 2013) (ordering defendants to produce "a computer-readable list of the names, addresses, compensation rates, telephone numbers, and dates of employment" for all potential opt-in plaintiffs). "[I]t is by now fairly clear that telephone numbers and email addresses permit a more efficient means of providing notice than mailing addresses alone, while minimally intruding on the employees' privacy." *Guevara v. Fine & Rare Operations LLC*, No. 20-CV-5330 (BCM), 2022 WL 103376, at *9 (S.D.N.Y. Jan. 10, 2022). Plaintiffs' request is therefore granted. The Court will require Defendants to produce within ten days of its Order a computer-readable list of all Laborers who were employed at YHM owned by Defendants at any point in the six years prior to the filing of this lawsuit along with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, e-mail address, and dates of employment at YHM.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for conditional certification. The conditionally certified class includes current and former employees who worked as movers and truck drivers for Defendant Your Hometown Movers LLC d/b/a Your Hometown Mover. Plaintiffs' notice and consent forms are also approved as to content and method of distribution.

It is hereby ORDERED that on or before October 15, 2024, Defendants shall produce to Plaintiffs' counsel a computer-readable list of all movers and truck drivers who were employed at Your Hometown Movers LLC d/b/a Your Hometown Mover at any point in the six years prior to the filing of this lawsuit along with the following information: name, last known mailing address,

alternate address (if any), all known telephone numbers, e-mail address, and dates of employment at Your Hometown Movers LLC d/b/a Your Hometown Mover.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.

SO ORDERED.

Dated: October 01, 2024
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge