

The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

October 30, 2024

**Via ECF**
Hon. Nelson S. Roman
Southern District of New York, United States District Court

Re:    *Clardy et al. v. Your Hometown Movers LLC et al.*
       23-cv-11172 (NSR)

Dear Judge Roman:

This motion is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached the parties, per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA").

The parties have memorialized and executed a settlement, as well as a Stipulation of Dismissal for Defendants to hold in escrow, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants to Plaintiffs in the amount of $50,000 in satisfaction for all claims raised in this action.

A copy of the signed settlement agreement is annexed as Exhibit A.

**Overview**

Your Hometown Movers is a moving company owned and operated by Jake Freedman and Kate Freedman. Plaintiffs worked as truck drivers and movers on behalf of Defendants.

**Claims and Defenses**

**Plaintiffs' Position**

It is submitted that there are a number of factual and legal disputes between the parties which could impact Plaintiffs' ability to prevail if this case would have proceed to dispositive motion practice or to trial, as well as their ability to collect.

Plaintiffs commenced this action on December 24, 2023, claiming that they were unlawfully denied their wages during their employment with Defendants, in violation of the FLSA and the New York Labor ("NYLL"), as well as damages for alleged wage notice and wage statement violations.

Plaintiffs worked as truck drivers and helpers on behalf of Defendants. Plaintiffs allege that they were not paid overtime at time and one half when they worked more than 40 hours a week and were not paid spread of hours when they worked ten hours or more. Again, Plaintiffs further allege that they had wages withheld when there were issues with the deliveries.

It is frankly difficult to calculate Plaintiffs' damages. Defendants did not have time records and it was difficult to calculate the amount of money withheld from Plaintiffs. Based on what our clients told us, we believe that the potential damages for Plaintiffs was $89,234.40. This amount includes unpaid wages, unpaid overtime wages, spread of hours, liquidated damages and notice damages. In light of the decision in Guthrie v. Rainbow Fencing Inc., 113 F. 4th 300 (2nd Cir. 2024), whether we could recover notice damages was a concern. We divided the settlement proceeds based on each Plaintiff's respective length of employment. A spreadsheet setting forth what we believe to be Plaintiffs' damages is annexed as Exhibit B..

Defendants assert that all employees were paid overtime at time and a half when they worked more than 40 hours per week and that few, if any, employees worked more than ten hours or more in a given day. Moreover, Defendants maintain the Plaintiffs were actually paid more than they were owed as they paid all employees a minimum amount per job, in addition to their hourly wage, which often exceeded the amount owed to them under federal and state law. Furthermore, Defendants assert that they provided their employees with employment agreements which satisfied all notice requirements under the law and that they maintained pay records at all times, although they are in the possession of third-party vendors which had not yet been obtained at the time of writing though subpoenas.

**History of this Action**

The history of this case reflecting diligence on the part of Plaintiffs' counsel. As reflected in the original filing of the complaint, this is not a traditional FLSA matter. The complaint filed is very detailed with exhibits reflecting the diligence on the part of Plaintiffs' counsel.

On May 23, 2024, Plaintiffs moved for conditional certification (dkt 26). On October 1, 2024, this motion was granted by the Court. In addition, on on August 6, 2024, Plaintiffs moved for a discovery relief (dkt 41). We believe that these two respective motions reflect diligence on the part of Plaintiffs' counsel and helped the parties obtain a resolution.

**Fairness and Reasonableness of the Settlement**

The settlement is $50,000. Plaintiffs will receive $33,064.99 and Plaintiffs' counsel will receive $16,530.01. The first payment of $40,000 is due within seven days of Court approval. Defendants will then make two payments 45 days and 75 days after Court approval in the amount of $5,000 each.

Plaintiffs' counsel's retainer agreement called for Plaintiffs' counsel to be reimbursed in the event of a successful outcome. The expenses in this action included the filing fee ($405) and service on Defendants (approximately $150). However, Plaintiffs' counsel is not seeking to be reimbursed for expenses pertaining to service. Plaintiffs' counsel deducted the $405 filing fee, gave the respective firms 1/3 of the remaining monies and then added back the cost of the filing fee.

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the Plaintiffs range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." *Id*. As previously mentioned, for the range of recovery, Plaintiff will receive less than the amount of his total owed wages. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." *Id*. This settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiffs attorney's fees, and relieve Defendants of the burden of further defending a federal court action.

In taking into consideration what constitutes a "fair" settlement, Plaintiffs' counsel recognizes that Defendants have provided a plethora of documents reflecting financial hardship of the corporate Defendant. Defendants' counsel also informed Plaintiffs' counsel that Defendants had to obtain a loan to pay the settlement.

The parties jointly represent to the Court that the settlement agreement is fair to Plaintiffs, reasonably resolves bona fide disagreements between the parties about the merits of Plaintiffs claims and demonstrates a good faith intention by Plaintiff and Defendants that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

**Work Performed by Plaintiffs' Counsel**

We respectfully submit the allocation of 33.3% for Plaintiffs counsel after reimbursement of expenses should be approved. *See Rangel v. 639 Grant St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (awarding plaintiffs' counsel one-third of the settlement amount, plus costs); *see also*, *Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13,2018); *see also*, *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229,239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

Plaintiffs' counsel performed the following work in this matter:  1) met with Plaintiffs to learn about his potential case; 2) researched Defendants; 3) drafted the complaint; 4) created damage calculations; 5) prepared for and engaged in initial conference hearing; 6) served discovery demands; 7) reviewed Defendants' response to Plaintiffs discovery demands; 8) moved for conditional certification; 9) made a discovery relief application; 10) drafted the settlement agreement; and 11) drafted the *Cheeks* approval motion.

For the foregoing reasons, we request that the Court permit Plaintiffs' counsel to recover one-third of the recovery after reimbursement of expenses.

**Attorney's Fees and Counsel's Qualifications**

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013.  Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law.  From 2018-2020, Mr. Aronauer was voted a "Rising Star" in the New York metropolitan area by Super Lawyers.  From 2021 through 2024, Mr. Aronauer was voted for a "Super Lawyer" in employment law in the New York metropolitan area.     Jacob Aronauer has litigated over 200 wage and hour cases over the past eight years.

In 2024, Jacob Aronauer entered into a separate retainer agreement where I received an hourly rate of $500 an hour by a management side client (if the Court requests I can provide redacted retainer agreements).  In 2022, he had an hourly rate of $415 approved. *Leon v. AYG Framing Constr. LLC*, 2022 U.S. Dist. LEXIS 150605, at * 5-6 (S.D.N.Y. Aug. 21, 2022).  Furthermore, an hourly rate of $500 an hour for FLSA attorneys was previously approved in *Gumaneh v. Vilano Empl. Servs.*, 2023 U.S. Dist. LEXIS 156383, at * 14-15 (S.D.N.Y.  Sept. 5, 2023).

Also since creating his own firm nearly ten years ago, Jacob Aronauer has litigated and settled numerous wage and hour class action cases brought under the FLSA and the New York prevailing wage law. *Perechu v. Flaum Appetizing Corp.*, 18-cv-01085 (SJB) and *Valerio v. Anfield Interiors, Inc. et al.*, 20-cv-02275 (DCF);  *Perez v. Consolidated Housekeeping*, 18-cv-02979 (RER); *Rodriguez v. Mc Gowan Builders et al.*, 17-cv-

03561 (RML); *Victoria et al. v. Sammy's Fishbox Realty Co., LLC*, 14-cv-08678 (CM); *Romero et al. v. San Martin Restaurant Inc., et al.*, 15-cv-00950 (HBP) and *Lyons v. Lord & Taylor Acquisition Inc., et al.*, 18-cv-01891 (BCM). In addition, I obtained a $300,000 bench trial verdict in *Ramirez v. Roka Japanese Food Inc. et al.*, 2019 U.S. Dist. LEXIS 94393, (E.D.N.Y. June 5, 2019).

Plaintiffs were also represented by Law Offices of Yale Pollack, P.C., owned and operated by Yale Pollack, Esq.

Mr. Pollack graduated from Colgate University in 2001 with a B.A. in History, before attending Touro Law Center. While at Touro Law Center, Mr. Pollack served on Law Review and graduated *manga cum laude* in 2006.

Mr. Pollack has experience representing employees in wage and hour actions and has been focusing almost exclusively on prosecuting claims on behalf of employees since he formed his practice in 2015. Prior to forming his own firm in 2015, Mr. Pollack worked at two firms on Long Island, where his focus was on employment law.

From 2012 to 2024, Mr. Pollack has been selected as a Super Lawyer.

It is respectfully requested that the Court approval Mr. Pollack firm's hourly rate of $475 an hour, which is the rate he charges his hourly clients.

A copy of the time expended by Plaintiffs' counsel is annexed as Exhibit C. The total legal fees are less than the total amount of the attorney fees.

Thus, as a result of the labor required in this matter, the lodestar is less than one. This is a reasonable lodestar amount. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp.3d 424, 439 (S.D.N.Y. 2014) (Honorable William H. Pauley III concluded that a "multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."). At the Court's request, we can provide the actual time sheets.

We believe that the work performed by Plaintiffs' counsel—specifically being "on top" of the case and diligently pushing it forward led to a strong resolution.

**Conclusion**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the disputation of facts regarding Plaintiffs hours worked and rates of pay and the desire of all parties involved to avoid the burden of additional costs and expenses, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer

*/s Yale Pollack*
Yale Pollack

*Attorney for Plaintiffs*

cc: **Via ECF**
    *All attorneys on record*

# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") sets forth the mutual understanding between **RAYMOND CLARDY, IMARI ARMSTRONG and ANDREW WOODIN** (hereinafter referred to as "Plaintiffs") and **YOUR HOMETOWN MOVERS LLC d/b/a YOUR HOMETOWN MOVERS, JAKE FREEDMAN and KATE FREEDMAN, individually, its successors and assigns** (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-and-hour-related claims that Plaintiffs have or may have against Defendants. The term "Party" or "Parties" as used herein shall refer to any Defendant, Plaintiff, or Defendants and Plaintiff collectively, as may be appropriate.

**WHEREAS** Plaintiffs commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 23-CV-11172-NSR alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law ("Lawsuit"), among other claims.

**WHEREAS,** the parties represent that no other charges, actions, liabilities or claims against each other are pending on their behalf, other than the Complaint set forth above;

**WHEREAS,** Defendants deny any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**WHEREAS,** Plaintiffs alleged claims in the Lawsuit on behalf of purportedly similarly situated workers, current and former, for Your Hometown Movers, LLC (the "Putative Class");

**WHEREAS,** Defendants disclaim any and all liability to Plaintiffs and the Putative Class, denies that Plaintiffs can maintain any actions on behalf of, or that they are similarly-situated to

1

any member of, the Putative Class, and categorically denies Plaintiffs' allegations pertaining to same;

**WHEREAS**, there has been no determination on the merits of the claims alleged in the Lawsuit. However, in order to avoid additional cost and the uncertainty of litigation, the Parties have agreed, subject to the provisions herein, to resolve any and all claims, known and unknown, asserted and unasserted, which may be resolved by law through this agreement, that Plaintiffs have or may have against Defendants, direct and indirect past, present, and future parent corporation, affiliates, subsidiaries, partners, divisions, insurers, reinsurers, professional employer organizations, co-employers, representatives, predecessors, successors, and assigns, and their respective current and former employees, attorneys, officers, directors, owners, members, managers, trustees, administrators, executors, agents, shareholders and investors, including but not limited to Defendant Jake Freedman and Kate Freedman, both individually and in their business capacities, and their respective employee benefit plans, programs, administrators and fiduciaries, both individually and in their business capacities (collectively referred to throughout this Agreement as "Releasees") as of the date Plaintiffs sign this Agreement;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.    **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, Defendants agree to the following payment terms:

2

A.      Defendants shall cause Plaintiffs to be paid the gross sum of $50,000.00, inclusive of attorneys' fees and costs (the "Settlement Funds"), payable as follows:

1.      Checks payable to "Imari Armstrong" for the total amount of $21,717.08, of which: (a) $17,296.60 shall be paid within ten (10) days of the Court's approval of this Agreement; (b) $2,189.44 shall be paid within forty (40) days of the Court's approval of this Agreement; and (c) $2,189.44 shall be paid within seventy (70) days of the Court's approval of this Agreement.  With respect to these settlement payments, half will be **),** **reduced by applicable payroll/tax withholdings, for which an IRS Form W-2 shall be** **issued to Plaintiff and the other half will not be reduced by withholdings and a 1099** shall be issued to Plaintiff.

2.      Checks payable to "Raymond Clardy" for the total amount of $6,331.95, of which: (a) $5,043.09 shall be paid within ten (10) days of the Court's approval of this Agreement; (b) $638.37  shall be paid within forty (40) days of the Court's approval of this Agreement; and (c) $638.37 shall be paid within seventy (70) days of the Court's approval of this Agreement. With respect to these settlement payments, half will be **), reduced by** **applicable payroll/tax withholdings, for which an IRS Form W-2 shall be issued to** **Plaintiff and the other half will not be reduced by withholdings and a 1099** shall be issued to Plaintiff.

3.      Checks payable to "Andrew Woodin" for the total amount of $5,015.96, of which: (a) $3,994.97 shall be paid within ten (10) days of the Court's approval of this Agreement; (b) $505.69 shall be paid within forty (40) days of the Court's approval of this Agreement; and (c) $505.69 shall be paid within seventy (70) days of the Court's approval of this Agreement.  With respect to these settlement payments, half will be **), reduced by**

3

**applicable payroll/tax withholdings, for which an IRS Form W-2 shall be issued to Plaintiff and the other half will not be reduced by withholdings and a 1099** shall be issued to Plaintiff.

        4.      Checks payable to "The Law Offices of Jacob Aronauer" for the total amount of $16,530.01, of which: (a) $13,665.35 shall be paid within ten (10) days of the Court's approval of this Agreement; (b) $1,666.50 shall be paid within forty (40) days of the Court's approval of this Agreement; and (c) $1,666.50 shall be paid within seventy (70) days of the Court's approval of this Agreement. The Law Office of Jacob Aronauer will supply Defendant with an updated W-9 in order to make the payments.

        B.      The Settlement Funds will be mailed to The Law Office of Jacob Aronauer, 250 Broadway, Suite 600, New York, New York 10007.

        C. Plaintiffs agrees that Plaintiffs are responsible for all applicable taxes as a result of his receipt or constructive receipt of the monies specified above other than as described therein as withholdings. Plaintiff understands and agrees Defendants are providing Plaintiff with no representations regarding any tax obligations or consequences that may arise from this Agreement. Plaintiffs, for Plaintiffs and Plaintiffs' dependents, successors, assigns, heirs, executors, and administrators (and Plaintiff's legal representatives of every kind), agrees to indemnify and hold Defendants identified in this Agreement harmless for the amount of any taxes, penalties, interest, liabilities and/or costs that may be assessed by any governmental tax authority against Defendants in connection with such governmental authority's determination that Defendants were required to, but failed to, withhold or report the correct amount of the employee portion of any income or employment taxes from the payments made to Plaintiffs pursuant to this Agreement.

Plaintiffs also affirms that, in the event any attorneys or third parties have asserted or assert any hold, lien or other encumbrance or interest in or on any of Plaintiffs' claims, demands, and causes of action against Defendants, Plaintiffs will be responsible for paying any attorneys' or other fees and costs associated with same other than those described herein and otherwise satisfying that hold, lien or other encumbrance or interest, and will hold Defendants and their attorneys harmless for the amount of any attorneys' or other fees or costs they incur in association with the hold, lien, encumbrance and/or interest.

Plaintiffs acknowledge and agree that the consideration set forth in this Paragraph constitutes fair consideration for signing this Agreement and agreeing to the terms and conditions set forth herein; the consideration set forth in this Agreement constitutes full accord and satisfaction for all amounts due and owing to them, including, but not limited to, all wages, overtime, bonuses, paid time off or other payments which may have been due and owing to them; and their eligibility for, entitlement to, and accrual of, any payments or benefits from the Defendants, including, but not limited to, wages, overtime, bonuses, paid time off, and any insurance or fringe benefits, terminated on the last day of Plaintiffs' employment with the Defendants. Except as set forth herein, Plaintiffs are not entitled to, and shall not receive, any other payments or benefits from the Defendants.

C.    Concurrently with the execution of this Agreement, the Defendants shall execute an Affidavit of Confession of Judgment attached hereto as **Exhibit A** declaring one and one-half times the outstanding settlement amount immediately due and payable. Defendants shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment. The Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel. In the event the Defendants are in default of any of the payments they are required to make pursuant to this section, Plaintiffs'

5

counsel shall provide notice to Defendants' counsel via email at bdy@youngwirthlaw.com and to Defendants via overnight mail to: PO BOX 513, New Paltz, NY 12561 of Plaintiffs' intent to file the Affidavit of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against Defendants, jointly and severally, declaring one and one-half times the outstanding sum of the Settlement Amount immediately due and payable, less any payments already made by Defendants pursuant to this Agreement. Defendants shall have ten (10) days from the date written notice is received by Defendants' and their counsel to remedy the default before Plaintiffs may file the Affidavit of Confession of Judgment. If the default is timely remediated, then the Affidavit of Confession of Judgment may not be filed. Upon Defendants' satisfaction of all of the payments required pursuant to this paragraph of this Agreement, the Affidavit of Confession of Judgment shall be null and void. Defendants consent to jurisdiction of the Southern District of New York, United States District Court, for purposes of filing and enforcing the Affidavit of Confession of Judgment and/or for any and all purposes relating to enforcement of this Agreement and/or any judgment entered in connection with this Agreement. Should the Defendants fail to make a timely payment, and then successfully cure the default within the cure period, the due date for the next installment is not extended by the previous payment's cure period.

(b)    Upon approval of the settlement by the Court, Plaintiffs agrees to voluntarily discontinue the Lawsuit they have filed against Defendants in their entirety and with prejudice, if necessary, and to execute any documents that may be necessary to effectuate the complete, voluntary and final discontinuance of the Lawsuit in its entirety, with prejudice. Court dismissal of this action is material conditions of this Agreement and the Parties obligations hereunder.

Failure of the Court to enter an Order of Dismissal of the Lawsuit and/or voluntary discontinuance of the action by Plaintiffs renders this Agreement null and void.

(a)     Plaintiff affirms that they have not filed, caused to be filed, or presently are parties to any claim against Defendants, except for the Lawsuit, which Plaintiffs agree to voluntarily discontinue and dismiss in its entirety, with prejudice, in accordance with the terms of this Agreement.  Except as otherwise required by law, Plaintiffs further agree to refrain from filing or causing to be filed any lawsuit, charge, claim, complaint or other administrative, regulatory, judicial, legal, arbitral, equitable or other actions or proceedings against Defendants based on any acts, omissions or other conduct occurring up to and including the date Plaintiff signs this Agreement.  Plaintiff understands and agrees this covenant is a material term of this Agreement.

2.     **Release**

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, as of the date this Agreement is executed, for themselves and their heirs, executors, administrators and respective successors and assigns, hereby release, relieve, waive, relinquish, and forever discharge, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' subsidiaries, affiliates, divisions, successors and assigns, owners, directors, officers, employees, and agents, and each of their respective successors and assigns ("Released Parties") of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), claims and demands whatsoever at law or in equity, known or unknown, discovered or undiscovered, which they had, now have, or hereafter can, shall or may have against Defendants under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated

7

regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements ("Claims"), arising to the present and as alleged in the Complaint filed in this action, or based on or arising out of any acts, omissions, conduct, thing or matter (a) relating to or arising out of wages, hours, overtime, or wage deductions, (b) arising under or for alleged violations of the FLSA and/or NYLL, (c) arising under any common law or otherwise only in regard to work hours, overtime, and/or payment of wages. This release is limited solely and only to claims that have arisen on, or prior to, the date the Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the FLSA and NYLL. Plaintiffs represent that they have no actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), claims and demands whatsoever at law or in equity, arising under the FLSA or NYLL against Defendants with any local, state or federal court of any governmental, administrative, investigative, civil rights or any other agency or board other than this pending Lawsuit provided that (1) the foregoing does not apply to any matters the disclosure of which is prohibited by law; and (2) the Court may modify or strike any of the foregoing if necessary to approve the settlement in this matter. Moreover, to the extent permitted by law and the Court under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Plaintiffs, and those acting on behalf of or in privity with them, and to such person(s) or entities only to claims arising from actions taken in their capacities as such, freely and irrevocably hereby relinquish, discharge, waive, and release the Defendants, and those acting on behalf of or in privity with them, and as to such person(s) or entities only to claims from actions

8

taken in their capacities as such Releasees for any matters arising from the beginning of time to the effective date of this Agreement and General Release. Plaintiffs' only claim against Releasees, after the date of this Agreement, shall be for breach of this Agreement and any such claim shall be limited to the monetary consideration paid under this Agreement.  However, nothing in this Agreement or these Affirmations is intended to impair Plaintiff's rights under whistleblower laws or to cause Plaintiff to disclose Plaintiff's participation in any governmental whistleblower program or any whistleblowing statute(s) or regulation(s) allowing for anonymity.

### 3.    Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 4    Non-Admission

Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiffs against Defendants.  This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 5.    Acknowledgment

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their FLSA and/or NYLL Claims.  Plaintiffs and Defendants acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of the Agreement. Plaintiffs and Defendants further represent that

they had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily. The parties further represent and warrant that they believe this settlement is a fair and reasonable resolution of the lawsuit and that they have arrived at this settlement in arms-length negotiations, considering all relevant factors, present and potential.

**6.    Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**7.    Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**8.    Jurisdiction**

The parties respectfully request that this Court, the United States District Court for the Southern District of New York, retain jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

**9.    Effective Date**

This Agreement shall become effective immediately upon the Court's approval of same.

**10.    Counterparts**

10

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement.

**11.**    **No Assignment.**

Plaintiffs expressly represent, warrant and covenant that they have not assigned any of the Claims released hereinabove to any other person or entity.

**12.**    **Severability.**

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable. Plaintiffs agree to take any actions that may be required to facilitate the enforcement of this Agreement.

The Parties knowingly and voluntarily sign the Agreement as of the date(s) set forth below:

**PLAINTIFFS:**

Dated: October \_\_, 2024

_____
RAYMOND CLARDY

Dated: October \_\_, 2024

_____
IMARI ARMSTRONG

Dated: October \_\_, 2024

_____
ANDREW WOODIN

**DEFENDANTS:**

YOUR HOMETOWN MOVERS LLC d/b/a
YOUR HOMETOWN MOVERS

Dated: October \_\_, 2024

By: _____

Title: _____

11

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement.

**11.    <u>No Assignment.</u>**

Plaintiffs expressly represent, warrant and covenant that they have not assigned any of the Claims released hereinabove to any other person or entity.

**12.    <u>Severability.</u>**

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable. Plaintiffs agree to take any actions that may be required to facilitate the enforcement of this Agreement.

The Parties knowingly and voluntarily sign the Agreement as of the date(s) set forth below:

**PLAINTIFFS:**

Dated: October ___, 2024

_____
RAYMOND CLARDY

Dated: October ___, 2024

_____
IMARI ARMSTRONG

Dated: October ___, 2024

_____
ANDREW WOODIN

**DEFENDANTS:**

YOUR HOMETOWN MOVERS LLC d/b/a
YOUR HOMETOWN MOVERS

Dated: October ___, 2024

By:    _____

Title:    _____

11

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement.

**11.**    **No Assignment.**

Plaintiffs expressly represent, warrant and covenant that they have not assigned any of the Claims released hereinabove to any other person or entity.

**12.**    **Severability.**

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable. Plaintiffs agree to take any actions that may be required to facilitate the enforcement of this Agreement.

The Parties knowingly and voluntarily sign the Agreement as of the date(s) set forth below:

**PLAINTIFFS:**

Dated: October ___, 2024

_____
RAYMOND CLARDY

Dated: October ___, 2024

_____
IMARI ARMSTRONG

Dated: October 3I, 2024

_Andrew Woodin_____
ANDREW WOODIN

**DEFENDANTS:**

YOUR HOMETOWN MOVERS LLC d/b/a
YOUR HOMETOWN MOVERS

Dated: October ___, 2024

By: _____

Title: _____

11

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement.

**11.    No Assignment.**

Plaintiffs expressly represent, warrant and covenant that they have not assigned any of the Claims released hereinabove to any other person or entity.

**12.    Severability.**

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable. Plaintiffs agree to take any actions that may be required to facilitate the enforcement of this Agreement.

The Parties knowingly and voluntarily sign the Agreement as of the date(s) set forth below:

**PLAINTIFFS:**

Dated: October __, 2024              _____
                                     RAYMOND CLARDY


Dated: October __, 2024              _____
                                     IMARI ARMSTRONG


Dated: October __, 2024              _____
                                     ANDREW WOODIN



**DEFENDANTS:**

                                     YOUR HOMETOWN MOVERS LLC d/b/a
                                     YOUR HOMETOWN MOVERS

Dated: October 30, 2024              By:  _Jake Freedman_____

                                     Title:  _Founder_____

11

Dated: October 30, 2024

JAKE FREEDMAN

Dated: October 30th, 2024

KATE FREEDMAN

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
------------------------------------------------------------------X    Índex No.:
RAYMOND CLARDY, IMARI ARMSTRONG, and
ANDREW WOODIN,

                                    Plaintiffs,             **AFFIDAVIT OF**
                                             **CONFESSION OF**
        -against-                                **JUDGMENT**

YOUR HOMETOWN MOVERS LLC d/b/a
YOUR HOMETOWN MOVERS, JAKE FREEDMAN and
KATE FREEDMAN, individually,

                                  Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK    )
                        ) ss.
COUNTY OF ULSTER    )

        **JAKE FREEDMAN and KATE FREEDMAN** being duly sworn, deposes and says:

1.    We are the Defendants in the above-entitled action and officers of the Corporate

        Defendant Your Hometown Movers LLC d/b/a Your Hometown Movers ("YHM").

2.    Jake Freedman resides at _____.

3.    Kate Freedman resides at _____.

4.    YHM's principal place of business is 92 S Ohioville Road, New Paltz, New York

        12561.

5.    Collectively, we are the former employers of Raymond Clardy, Imani Armstrong

        and Andrew Woodin (collectively "Plaintiffs"), who made allegations that

        Defendants failed to properly pay proper wages to them during their employment

        with YHM, and we are duly authorized officers of YHM.

6.    This confession of judgment is for a debt justly due to Plaintiffs arising out of the

        following facts:  Plaintiff commenced the Litigation pursuant to the Fair Labor

14

Standards Act and the New York Labor Law, asserting unpaid overtime and notice damages under the New York Labor Law.  The litigation was amicably resolved, by Defendants agreeing to pay a total of $50,000 over three-monthly installments.

7.    We hereby CONFESS JUDGMENT in this Court against ourselves and YHM, jointly and severally, in favor of Plaintiff Plaintiffs and their attorneys, The Law Offices of Jacob Aronauer and Law Offices of Yale Pollack, P.C., for the sum of $75,000.00 pursuant to the Settlement Agreement attached hereto as **Exhibit "A,"** together with statutory interest from the date of default for failure to pay in accordance with the attached Settlement Agreement (the "Agreement") and hereby authorize the Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against.

8.    This confession of judgment is not for the purpose of securing the Plaintiffs against a contingent liability.

9.    This confession may be entered against us and YHM, jointly and severally, in the Southern District of New York, United States District Court, Supreme Court of the State of New York, County of Ulster, or any other court of competent jurisdiction.



**JAKE FREEDMAN, individually and on behalf of Your Hometown Movers LLC**

Commonwealth of Virginia
County of Prince William County, VA

Sworn to before me this
_____30th_ day of ___ October 2024
by Jake H Freedman.

_Neil Christopher Hewitt_
Notary Public   8049360
My commission expires: 02/28/2027

Mark Christopher Hewitt
REGISTRATION NUMBER
8049360
COMMISSION EXPIRES
February 28, 2027

Notarized remotely online using communication technology via Proof.

15

_Kate Emma Freedman_

**KATE FREEDMAN, individually and on behalf of Your Hometown Movers LLC**

Sworn to before me this
__30th__ day of ___ October 2024

_Diana Sabina Dumitrescu_

Notary Public      HH 426458   07/26/2027



DIANA SABINA DUMITRESCU
**Notary Public – State of Florida**
Commission # HH 426458
Expires on July 26, 2027

Notarized remotely online using communication technology via Proof.

16

# Exhibit B

## CLARDY ET AL V. YOUR HOMETOWN MOVERS LLC ET AL

| | ARMSTRONG | CLARDY | WOODIN |
|---|---|---|---|
| UNPAID WAGES | $ 3,600.00 | $ 900.00 | $ 600.00 |
| UNPAID OVERTIME WAGES | $ 15,900.00 | $ 3,900.00 | $ 3,600.00 |
| UNPAID SPREAD OF HOURS | $ 752.60 | $ 184.60 | $ 180.00 |
| LIQUIDATED DAMAGES | $ 20,252.60 | $ 4,984.60 | $ 4,380.00 |
| NOTICE DAMAGES | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| | $ 50,505.20 | $ 19,969.20 | $ 18,760.00 |

$ 89,234.40

# Exhibit C

# Law Offices of Jacob Aronauer

# INVOICE

250 Broadway, Suite 600
New York, New York 10007
Phone: (212) 323-6980

Invoice # 290
Date: 10/30/2024
Due On: 11/29/2024

Imari Armstrong

## 00543-Armstrong

## Clardy et al v. Your Hometown Movers LLC et al

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 11/24/2023 | Attorney Fees - Jacob: Call with Armstrong to learn more about the case. | 1.10 | $500.00 | $550.00 |
| Service | 11/25/2023 | Attorney Fees - Jacob: Call with Clardy about the case--getting more information. | 0.60 | $500.00 | $300.00 |
| Service | 11/26/2023 | Attorney Fees - Jacob: Drafting complaint. | 2.40 | $500.00 | $1,200.00 |
| Service | 11/27/2023 | Attorney Fees - Jacob: Drafting complaint. | 1.30 | $500.00 | $650.00 |
| Service | 11/28/2023 | Paralegal Fees - Maria: Homeownertown Website Pages Saved as PDF | 0.50 | $175.00 | $87.50 |
| Service | 12/27/2023 | Paralegal Fees - Maria: Summons to serve the corporation and individuals were sent to the Processing Service | 0.09 | $175.00 | $15.75 |
| Service | 02/04/2024 | Attorney Fees - Jacob: Research cases where Judge Roman granted conditional certification and also drafted pre-motion letter. | 1.90 | $500.00 | $950.00 |
| Service | 04/18/2024 | Attorney Fees - Jacob: Call with opposing counsel. | 0.30 | $500.00 | $150.00 |
| Service | 04/20/2024 | Attorney Fees - Jacob: Work on conditional certification papers. Declarations and memo of law. | 1.20 | $500.00 | $600.00 |
| Service | 06/27/2024 | Attorney Fees - Jacob: Review Defendants' responses. | 0.75 | $500.00 | $375.00 |
| Service | 06/27/2024 | Attorney Fees - Jacob: Call with potential opt-in | 0.20 | $500.00 | $100.00 |
| Service | 06/27/2024 | Attorney Fees - Jacob: Second set of demands and e-mail to Defendants' in re class wide discovery/second set of demands. | 0.45 | $500.00 | $225.00 |
| Service | 06/27/2024 | Attorney Fees - Jacob: Review discovery responses and write discovery deficiency e-mail. | 1.10 | $500.00 | $550.00 |
| Service | 06/27/2024 | Attorney Fees - Jacob: Draft second set of demands | 0.75 | $500.00 | $375.00 |
| Service | 07/25/2024 | Attorney Fees - Jacob: Prepare for meet and confer | 0.75 | $500.00 | $375.00 |

| | | and meet and confer with Defendants and e-mail correspondence with opposing counsel in re discovery schedule. | | | |
|---------|------------|------------------------------------------------------------------------------------------------------------|------|---------|---------|
| Service | 08/06/2024 | Attorney Fees - Jacob: Work on discovery dispute letter to the Court. | 1.80 | $500.00 | $900.00 |
| Service | 08/12/2024 | Attorney Fees - Jacob: Prepare for court conference. | 0.25 | $500.00 | $125.00 |
| Service | 08/14/2024 | Attorney Fees - Jacob: Court conference | 0.55 | $500.00 | $275.00 |
| Service | 08/26/2024 | Attorney Fees - Jacob: Video conference with your hometown moves. | 0.35 | $500.00 | $175.00 |
| Service | 08/27/2024 | Paralegal Fees - Maria: Create a spreadsheet to estimate the damages and allocate the potential settlement distribution. | 0.50 | $175.00 | $87.50 |
| Service | 09/25/2024 | Paralegal Fees - Maria: Updated the settlement breakdown | 0.14 | $175.00 | $24.50 |
| Service | 10/26/2024 | Attorney Fees - Jacob: Draft settlement Cheeks letter. | 0.35 | $500.00 | $175.00 |
| Service | 10/26/2024 | Attorney Fees - Jacob: Edits to settlement agreement. | 0.25 | $500.00 | $125.00 |

| | | |
|---|---|---|
| | **Total** | **$8,390.25** |

# Detailed Statement of Account

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|------------|------------|-------------------|-------------|
| 290 | 11/29/2024 | $8,390.25 | $0.00 | $8,390.25 |

| | |
|---|---|
| **Outstanding Balance** | **$8,390.25** |
| **Total Amount Outstanding** | **$8,390.25** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.

| Date | User | Matter Number | Work Type | Description | Actual | Rate | Total |
|---|---|---|---|---|---|---|---|
| 10/2/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Order granting conditional certification with approved notice and settlement | 0.5 | $ 475.00 | $237.50 |
| 10/1/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review file and correspondence with defendants' counsel re: terms of draft settlement agreement and release of FLSA and NYLL claims based on the terms agreed upon with defendants; correspondence with co-counsel with defendants' counsel re: offer of $40k lump sum plus $10k with payments; tel conf with co-counsel re: offer; correspondence with clients | 1.8 | $ 475.00 | $855.00 |
| 9/25/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Correspondence with defendants' counsel re: offer of $40k to settle the claims with the named plaintiffs; tel conf and correspondence with co-counsel and the clients re: the $40k offer by the defendants and rejection of same staying firm at $50k to settle for the named plaintiffs; correspondence with defendants' | 0.3 | $ 475.00 | $142.50 |
| 9/24/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Review in preparation for meet and confer with defendants' counsel; tel conf with defendants' attorney for meet and confer re: outstanding discovery and case management plan, as well as to discuss discovery production and | 0.7 | $ 475.00 | $332.50 |
| 9/17/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Telephone conference | review updated Case Management Plan for review and Tel conf with co-counsel re: status of matter; tel conf with plaintiff's attorneys and co-counsel re: updating the discovery schedule and to discuss possible | 1 | $ 475.00 | $475.00 |
| 9/16/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Telephone conference | settlement; review Court notice re: status of discovery and whether in-person Review letter filed by defendants' counsel with the Court; tel conf with co-counsel re: the letter filed by defendants' counsel to the Court without meeting and conferring prior to filing; correspondence with defendants' counsel re: letter | 0.5 | $ 475.00 | $237.50 |
| 9/6/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court Order directing responses to plaintiff's demands and an updated CMP to file with an explanation as to the reasons the dates requested would not | 0.6 | $ 475.00 | $285.00 |
| 9/4/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed scheduling order from defendants' counsel | 0.3 | $ 475.00 | $142.50 |
| 8/29/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Tel conf with co-counsel re: proposed settlement demand; correspondence | 0.2 | $ 475.00 | $95.00 |
| 8/28/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | with the clients to confirm settlement demand to be relayed; correspondence Review discovery demands and Court Orders in preparation for call with defendants' counsel; call with co-counsel to prepare for counsel with | 0.6 | $ 475.00 | $285.00 |
| 8/26/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | defendants' counsel; tel conf with defendants' counsel and co-counsel re: Review discovery demands and defendants' responses; review letter from co- | 1.3 | $ 475.00 | $617.50 |
| 8/6/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | counsel re: discovery deficiencies and provide revisions accordingly | 2.4 | $ 475.00 | $1,140.00 |
| 7/13/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed set of new discovery demands to serve on defendants and | 0.5 | $ 475.00 | $237.50 |
| 5/23/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review defendants' opposition to the motion for conditional certification | 0.3 | $ 475.00 | $142.50 |
| 5/16/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review defendants' discovery demands; draft responses to first request for admissions for each plaintiff, as well as responses to the first set of request for production of documents; correspondence with co-counsel re: drafts of | 3.4 | $ 475.00 | $1,615.00 |
| 4/23/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review defendants' discovery demands; draft first request for production of documents, first set of interrogatories, and first request for admissions; correspondence with co-counsel re: first drafts of discovery demands for review | 2.8 | $ 475.00 | $1,330.00 |
| 4/22/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise memorandum of law in support of motion for conditional certification, as well as review final declarations and exhibits for submission with the MOL; correspondence with co-counsel re: edits to the MOL for service | 1.1 | $ 475.00 | $522.50 |
| 4/18/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise Declaration of I. Armstrong in support of motion for conditional certification drafted by co-counsel | 0.9 | $ 475.00 | $427.50 |
| 4/17/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise Declaration of R. Clardy based on draft from co-counsel | 0.5 | $ 475.00 | $237.50 |

| Date | Attorney | Matter | Type | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 4/15/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Tel conf and correspondence with co-counsel re: draft of MOL; revise MOL to include request for contact information for all putative collective members even if conditional certification not granted; draft Opt-In Notice and Consent to Join | 2.1 | $ 475.00 | $997.50 |
| 4/12/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review file to prepare conditional certification motion, including pleadings, correspondence and notes; draft MOL in support of motion for conditional certification, including preliminary statement, statement of facts and legal arguments for justifying conditional certification based on the pleadings and declarations of the plaintiffs; legal research re: cases in which movers have | 4.7 | $ 475.00 | $2,232.50 |
| 3/15/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Draft proposed Case Management Plan based on the Court's directive; correspondence with co-counsel re: the proposed CMP for review | 0.5 | $ 475.00 | $237.50 |
| 3/6/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court Order waiving pre-motion conference and scheduling the dates on the motion for conditional certification; calendar dates accordingly and discuss | 0.3 | $ 475.00 | $142.50 |
| 3/5/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review defendants' letter in opposition to pre-motion request for conditional | 0.2 | $ 475.00 | $95.00 |
| 2/28/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Answer with Affirmative Defenses and compare with Complaint | 1.2 | $ 475.00 | $570.00 |
| 2/28/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers,LLC et al | Review | Review Court's Initial Order for CMP to be filed by 3.20.24; review Court Order re: plaintiffs' motion for conditional certification and deadlines in response | 0.4 | $ 475.00 | $190.00 |
| 2/5/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revised proposed pre-motion letter from co-counsel for conditional certification for submission to the Court; tel conf with co-counsel re: letter and submitting same to defense counsel prior to filing with the Court | 0.7 | $ 475.00 | $332.50 |
| 2/2/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | File consents to become party plaintiffs on behalf of the clients | 0.2 | $ 475.00 | $95.00 |
| 1/26/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court Order granting defendants until 2.26.24 to respond to the Draft consent to sue / opt-in forms for the clients; correspondence with the | 0.2 | $ 475.00 | $95.00 |
| 1/25/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | clients to provide update on the matter, including defendants' representation by counsel and extension until 2.22.24 for the response to the Complaint, as well | 0.5 | $ 475.00 | $237.50 |
| 1/23/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Review letter from defendants to the Court requesting additional time to seek counsel; correspondence with defendants' counsel re: consent to file response | 0.4 | $ 475.00 | $190.00 |
| 12/26/2023 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Draft and file Notice of Appearance with the Court | 0.3 | $ 475.00 | $142.50 |
| 11/27/2023 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise Complaint forwarded by co-counsel | 1.9 | $ 475.00 | $902.50 |
| TOTAL | | | | | 33.3 | | $15,817.50 |

| Date | User | Matter Number | Work Type | Description | Actual | Rate | Total |
|---|---|---|---|---|---|---|---|
| 10/26/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Correspondence with co-counsel and defendants' counsel re: revisions to payment allocations to include W-2 portions of the settlement amounts provided to the clients; correspondence with the clients re: updated agreement with new settlement allocations | 0.7 | $ 475.00 | $332.50 |
| 10/18/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Tel conf with co-counsel and correspondence with defendants' counsel re: filing letter with the Court requesting additional time to respond to the Court's 10.21.24 deadline; draft letter to the Court requesting additional time to submit the settlement papers and file same with the Court | 0.5 | $ 475.00 | $237.50 |
| 10/15/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Correspondence with defendants' counsel re: issue of potential general release language in the proposed settlement agreement and her advising that such is limited to wage and hour claims as previously approved by other judges | 0.4 | $ 475.00 | $190.00 |
| 10/14/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed changes to the settlement agreement from defendants' attorney with track-changes; correspondence and tel conf with co-counsel re: defendants' proposed changes | 0.6 | $ 475.00 | $285.00 |
| 10/7/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed letter to the Court from defendants' counsel advising the Court of the settlement in principle; review Court Order providing until 10.21.24 to submit the settlement papers or a status report | 0.3 | $ 475.00 | $142.50 |
| 10/3/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review proposed Cheeks fairness letter sent by co-counsel and include comments to same | 0.6 | $ 475.00 | $285.00 |
| 10/2/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Order granting conditional certification with approved notice and contact information | 0.5 | $ 475.00 | $237.50 |
| 10/2/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed draft of settlement agreement sent by defendants' counsel; correspondence with co-counsel and defendants' counsel re: potential revisions to the settlement agreement | 0.7 | $ 475.00 | $332.50 |
| 10/1/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review file and correspondence with defendants' counsel re: terms of settlement; draft settlement agreement and release of FLSA and NYLL claims based on the terms agreed upon with defendants; correspondence with co-counsel re: draft of settlement agreement for review | 1.8 | $ 475.00 | $855.00 |
| 9/25/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Correspondence with defendants' counsel re: offer of $40k lump sum plus $10k with payments; tel conf with co-counsel re: offer; correspondence with clients re: updated offer from defendants | 0.3 | $ 475.00 | $142.50 |
| 9/24/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Correspondence with defendants' counsel re: offer of $40k to settle the claims with the named plaintiffs; tel conf and correspondence with co-counsel and the clients re: the $40k offer by the defendants and rejection of same staying firm at $50k to settle for the named plaintiffs; correspondence with defendants' counsel re: demand of $50k to settle the action | 0.7 | $ 475.00 | $332.50 |
| 9/17/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Telephone conference | Review file in preparation for meet and confer with defendants' counsel; tel conf with defendants' attorney for meet and confer re: outstanding discovery and case management plan, as well as to discuss discovery production and possible settlement; review proposed Case Management Plan for review and filing with the Court | 1 | $ 475.00 | $475.00 |
| 9/16/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Telephone conference | Tel conf with co-counsel re: status of matter; tel conf with plaintiff's attorneys and co-counsel re: updating the discovery schedule and to discuss possible settlement; review Court notice re: status of discovery and whether in-person conference on 9.20.24 is necessary | 0.5 | $ 475.00 | $237.50 |
| 9/6/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review letter filed by defendants' counsel with the Court; tel conf with co-counsel re: the letter filed by defendants' counsel to the Court without meeting and conferring prior to filing; correspondence with defendants' counsel re: letter and status of discovery | 0.6 | $ 475.00 | $285.00 |
| 9/4/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court Order directing responses to plaintiff's demands and an updated CMP to file with an explanation as to the reasons the dates requested would not be accepted by the Court | 0.3 | $ 475.00 | $142.50 |
| 8/29/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed scheduling order from defendants' counsel | 0.2 | $ 475.00 | $95.00 |
| 8/28/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Tel conf with co-counsel re: proposed settlement demand; correspondence with the clients to confirm settlement demand to be relayed; correspondence with defendants' counsel re: proposed settlement | 0.6 | $ 475.00 | $285.00 |
| 8/26/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review discovery demands and Court Orders in preparation for call with defendants' counsel; call with co-counsel to prepare for counsel with defendants' counsel; tel conf with defendants' counsel and co-counsel re: status of discovery and possible settlement | 1.3 | $ 475.00 | $617.50 |
| 8/6/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review discovery demands and defendants' responses; review letter from co-counsel re: discovery deficiencies and provide revisions accordingly | 2.4 | $ 475.00 | $1,140.00 |
| 7/13/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review proposed set of new discovery demands to serve on defendants and approve same for service | 0.5 | $ 475.00 | $237.50 |
| 5/23/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review defendants' opposition to the motion for conditional certification | 0.3 | $ 475.00 | $142.50 |

| Date | Attorney | Matter | Type | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 5/16/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review defendants' discovery demands; draft responses to first request for admissions for each plaintiff, as well as responses to the first set of request for production of documents; correspondence with co-counsel re: drafts of responses to admissions and document requests | 3.4 | $ 475.00 | $1,615.00 |
| 4/23/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review defendants' discovery demands; draft first request for production of documents, first set of interrogatories, and first request for admissions; correspondence with co-counsel re: first drafts of discovery demands for review and comment | 2.8 | $ 475.00 | $1,330.00 |
| 4/22/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise memorandum of law in support of motion for conditional certification, as well as review final declarations and exhibits for submission with the MOL; correspondence with co-counsel re: edits to the MOL for service on defendants' counsel | 1.1 | $ 475.00 | $522.50 |
| 4/18/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise Declaration of I. Armstrong in support of motion for conditional certification drafted by co-counsel | 0.9 | $ 475.00 | $427.50 |
| 4/17/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise Declaration of R. Clardy based on draft from co-counsel | 0.5 | $ 475.00 | $237.50 |
| 4/15/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Tel conf and correspondence with co-counsel re: draft of MOL; revise MOL to include request for contact information for all putative collective members even if conditional certification not granted; draft Opt-In Notice and Consent to Join forms | 2.1 | $ 475.00 | $997.50 |
| 4/12/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review file to prepare conditional certification motion, including pleadings, correspondence and notes; draft MOL in support of motion for conditional certification, including preliminary statement, statement of facts and legal arguments for justifying conditional certification based on the pleadings and declarations of the plaintiffs; legal research re: cases in which movers have been certified as part of collective actions to cite in the MOL | 4.7 | $ 475.00 | $2,232.50 |
| 3/15/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Draft proposed Case Management Plan based on the Court's directive; correspondence with co-counsel re: the proposed CMP for review | 0.5 | $ 475.00 | $237.50 |
| 3/6/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court Order waiving pre-motion conference and scheduling the dates on the motion for conditional certification; calendar dates accordingly and discuss with co-counsel re: drafting of initial motion papers | 0.3 | $ 475.00 | $142.50 |
| 3/5/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review defendants' letter in opposition to pre-motion request for conditional certification | 0.2 | $ 475.00 | $95.00 |
| 2/28/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Answer with Affirmative Defenses and compare with Complaint | 1.2 | $ 475.00 | $570.00 |
| 2/28/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court's Initial Order for CMP to be filed by 3.20.24; review Court Order re: plaintiffs' motion for conditional certification and deadlines in response thereto | 0.4 | $ 475.00 | $190.00 |
| 2/5/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revised proposed pre-motion letter from co-counsel for conditional certification for submission to the Court; tel conf with co-counsel re: letter and submitting same to defense counsel prior to filing with the Court | 0.7 | $ 475.00 | $332.50 |
| 2/2/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | File consents to become party plaintiffs on behalf of the clients | 0.2 | $ 475.00 | $95.00 |
| 1/26/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Review | Review Court Order granting defendants until 2.26.24 to respond to the Complaint | 0.2 | $ 475.00 | $95.00 |
| 1/25/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Draft consent to sue / opt-in forms for the clients; correspondence with the clients to provide update on the matter, including defendants' representation by counsel and extension until 2.22.24 for the response to the Complaint, as well as to request signed opt-in forms to be returned to our attention | 0.5 | $ 475.00 | $237.50 |
| 1/23/2024 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Correspondence | Review letter from defendants to the Court requesting additional time to seek counsel; correspondence with defendants' counsel re: consent to file response to Complaint by 2.22.24 | 0.4 | $ 475.00 | $190.00 |
| 12/26/2023 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Draft and file Notice of Appearance with the Court | 0.3 | $ 475.00 | $142.50 |
| 11/27/2023 | Yale Pollack | 2024-00308-Clardy v. Your Hometown Movers LLC et al | Draft | Review and revise Complaint forwarded by co-counsel | 1.9 | $ 475.00 | $902.50 |
| TOTAL | | | | | 37.1 | | $17,622.50 |